IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE SETTLER, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>BRIDGET URGO HOME LLC (F/K/A THE SETTLER HOME, LLC), and BRIDGET URGO<br><br>*Defendants*. | Case No. 3:26-CV-00822<br><br>JULY 9, 2026 |

**<u>DEFENDANTS' MOTION FOR EXTENSION OF TIME REGARDING JOINDER OF PARTIES</u>**

Pursuant to Federal Rule Civil Procedure 6(b)(1)(A) and Rule 7(b) of the Local Rules of Civil Procedure for the District of Connecticut, the Defendants, Bridget Urgo Home LLC (f/k/a The Settler Home, LLC) and Bridget Urgo (together "Defendants"), by and through their undersigned counsel, respectfully move for an extension of the deadline for motions relating to joinder of parties contained in the Court's Order on Pretrial Deadlines. Plaintiff's counsel has indicated that they have no objection to the requested extension.

In support of this motion, Defendants state as follows:

1. Plaintiff, The Settler, LLC, initiated this action by Complaint dated May 27, 2026, asserting claims of trademark infringement, unfair competition, declaration of copyright ownership, breach of contract, breach of duty of loyalty, civil theft, conversion, computer crimes, and Connecticut Unfair Trade Practices Act violations, purportedly arising from Defendant, Bridget Urgo's, actions during and after her alleged employment with Plaintiff. On June 10,

2026, Plaintiff filed an Amended Complaint, which added a count for copyright infringement. (ECF No. 27.)

2. On June 19, 2026, Defendants filed a Partial Motion to Dismiss pursuant to Rule 12(b)(6). (ECF No. 33.) Defendants request dismissal of Plaintiff's claims of breaches of a Covenant Not to Compete, Covenant Limiting Solicitation of Clients, and Covenant Not to Solicit or Hire Employees contained in the subject Confidentiality and Non-Competition Agreement, as alleged within the Fifth Count of Plaintiff's Amended Complaint, for failing to state claims upon which relief may be granted.[1]

3. Defendants' Partial Motion to Dismiss is pending. Plaintiff's response is due by July 10, 2026.

4. The Court's Order on Pretrial Deadlines ("Order") provides, in relevant part, that "[a]ll motions relating to joinder of parties or amendment of the pleadings shall be filed within the latest of the following: (i) 35 days after the appearance of the last defendants or (ii) 60 days after the filing of the complaint …," subject to the exception in Fed. R. Civ. P. 14(a) for third-party complaints. (ECF No. 6, at ¶ (a).)

5. Assuming the 60-day period in ¶ (a)(ii) of the Order runs from the filing of Plaintiff's original Complaint, the deadline to file motions relating to joinder of parties is July 27, 2026. Assuming such 60-day period runs from the filing of the Amended Complaint, the deadline to file motions relating to joinder of parties is August 10, 2026.

6. Defendants anticipate filing a motion for joinder of parties for purposes of asserting claims/counterclaims against the Plaintiff's principals, officers, and/or managers, namely, Jacqueline Randall and Frederic Breed Randall.

[1] Plaintiff also filed a motion for preliminary injunction. On June 29, 2026, the Court conducted a hearing on the motion for preliminary injunction, which is pending.

7. However, Defendants do not anticipate that their Partial Motion to Dismiss will be resolved by the initial deadline to file motions related to joinder of parties of July 27, 2026.

8. Accordingly, Defendants respectfully request that the deadline to file motions related to joinder of parties be extended to fourteen (14) days after the Court enters a decision on the pending Partial Motion to Dismiss to align with Defendants' time to file an answer and counterclaims.

9. Good cause exists to extend the deadline. Defendants submit that aligning the deadline for motions concerning joinder to run after the Court's decision on the motion to dismiss Defendants will promote efficiency and orderly resolution of issues. Requiring Defendants to file a motion to join parties and file counterclaims against such additional parties, prior to a decision on the motion to dismiss, and prior to the time to file an answer and counterclaims, would be premature, and may lead to unnecessary, potentially duplicative motion practice, as well as expense of the parties and the Court's resources.

10. Defendants request this extension in good faith and not for purposes of delay. Pursuant to Local Rule 7(b)(3), Defendants file this motion for extension of time as soon as practicable and not more than three (3) business days prior to the current deadline. Pursuant to Local Rule 7(b)(2), Defendants state that this is the first request for an extension of the deadline for motions relating to joinder of parties.

11. Pursuant to Local Rule 7(b)(2), undersigned counsel certifies that defense counsel has conferred with counsel for the Plaintiff, who indicate that they do not object to the requested extension.

12. Defendants are also hopeful that, in the interim, the parties can mediate a resolution before a Magistrate.

WHEREFORE, Defendants respectfully request that the Court grant this motion and enter an order extending the deadline for motions relating to joinder of parties to fourteen (14) days after the Court enters its decision on Defendants' pending Partial Motion to Dismiss.

DEFENDANTS,

BRIDGET URGO HOME LLC (F/K/A THE SETTLER HOME, LLC), and BRIDGET URGO

By: /s/ *Jonathan P. Whitcomb*

DISERIO MARTIN O'CONNOR & CASTIGLIONI, LLP
Jonathan P. Whitcomb (ct15014)
jwhitcomb@dmoc.com
Jonathan J. Kelson (ct26755)
jkelson@dmoc.com
1010 Washington Blvd., Suite 800
Stamford, CT 06901
Telephone: (203) 358-0800
Facsimile: (203) 348-2321
*Attorneys for Defendants*

**CERTIFICATION**

I hereby certify that on July 9, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be served by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

By: /s/ *Jonathan P. Whitcomb* (ct15014)
Jonathan P. Whitcomb